## CORTLANDT YARDLEY v. JOHN YARDLEY.

Where upon a foreign attachment the sheriff went to the office of W. C. H., and there attached the rights, credits, and estate of an absent debtor, and made and returned an inventory of his property, to wit, nine hundred dollars, being the proceeds of the sale of a house and lot, which the debtor held in trust for his wife, and which were then in the hands of W. C. H., it was held that the legal import of the sheriff's return was that the nine hundred dollars, wherever it came from, was the property of the husband.

On *certiorari* to the Circuit Court of the county of Mercer.

The plaintiff below sued out an attachment in the Circuit Court against defendant, returnable April 6th, 1866. The sheriff returned that he had attached at the office of W. C. H., in the city of Trenton, the rights, credits, moneys, effects, and estate of the defendant, to wit, nine hundred dollars, " being the proceeds of a house and lot sold, which Cortlandt Yardley held in trust for Hannah Yardley, his wife, now in the hands of W. C. Howell." At the term to which the writ was returnable, the court was moved to set aside the attachment, and proceedings thereon, on the ground that the property

attached was not the property of the defendant, but of his wife, and if the defendant had any interest in it, it was an equitable interest, which was not subject to attachment.

The court refused the application, and thereupon a *certiorari* was brought to remove the proceedings into this court.

The case was heard before Justices VREDENBURGH, WOOD-HULL, and DALRIMPLE.

*P. D. Vroom,* for plaintiff in *certiorari,* contended—

. 1. That the court has power to bring before it, by the writ of *certiorari,* suits in attachment pending in inferior judicatures, and to do it at any stage of the proceedings.

Such has been the uniform practice. *Peacock* v. *Wildes,* 3 *Halst. R.* 179 ; *Jeffrey* v. *Woolley,* 5 *Halst. R.* 123 ; *City Bank* v. *Merritt,* 1 *Green's R.* 131 ; *Branson* v. *Shinn,* 1 *Green's R.* 250 ; *Thompson* v. *Eastburn,* 1 *Harr. R.* 100.

2. The proceedings should be set aside.

*a.* The attachment is a special statutory proceeding. And it must distinctly appear that the property attached is the property of the defendant; otherwise, the court has no authority to proceed.

There is no presumption in favor of jurisdiction. 5 *Halst. R.* 127.

*b.* It appears, by the sheriff's return, that the property attached was not that of defendant. It was in the hands of William C. Howell, as the property of defendant's wife, or of the defendant as her trustee.

In either case, it was the property of the wife.

It was the proceeds of sale of real estate held in trust for the wife.

*c.* If the return shows the property attached is not the property of the defendant, it is not good. *Drake on Attachment* 207.

*d.* An attachment will lie only where the defendant could maintain an action at law against the garnishee for the re-

covery of the debt or goods sought to be attached. *Locke on Attach.* 26, 27; *Drake on Attach.* 715.

An attachment cannot be grounded upon a debt in equity. And when the property is trust property, the attachment cannot be sustained. *Locke* 35, 36.

When the effects in the garnishee's hands belong to the defendant as mere agent, or trustee, for others, he cannot be charged as garnishee. There must be a priority of contract and of interest between the garnishee and the defendant, in order to his being charged. *Drake* 545–6, 487, 489; *Brigden* v. *Gill,* 16 *Mass.* 522; *Hinckley* v. *Williams,* 1 *Cushing* 490.

*F. Kingman,* for the defendant, insisted—

1. That according to the just construction of the sheriff's return to the attachment, the property attached must be considered the property of the husband.

2. That the proceedings in the attachment, while pending in the Circuit Court, and before judgment, could not legally be removed into this court.

The opinion of the court was delivered by

VREDENBURGH, J. This is a *certiorari* brought to set aside proceedings in attachment in the Mercer Circuit. The attachment was issued at the suit of the said John Yardley against Cortlandt Yardley, on the sixth day of April, 1866, directed to the sheriff of the county of Mercer.

To this writ the sheriff made the following return, viz.: "By virtue of the annexed writ, I did, on the thirteenth day of April, 1866, go to William C. Howell's office, in the city of Trenton, and did then and there declare, in the presence of John G. Stout, a credible person, that I attached the rights and credits, moneys and effects, goods and chattels, lands and tenements of Cortlandt Yardley, the defendant, at the suit of John Yardley, and did, with the assistance of said Stout, a discreet and impartial freeholder, make a just and true inventory and appraisement of the

property and estate of the defendant so by me attached; which said inventory and appraisement, dated and signed by myself and the said Stout, I have annexed and returned with the writ."

To this is appended the following inventory, viz.: "A just and true inventory and appraisement of all the property and estate of Cortlandt Yardley, at the suit of John Yardley, made by George Brearley, sheriff, with the assistance of John G. Stout, a discreet and impartial freeholder, this thirteenth day of April, 1866, to wit, nine hundred dollars, being the proceeds of a house and lot sold, which Cortlandt Yardley held in trust for Hannah Yardley, his wife, now in the hands of William C. Howell."

The proceedings went on in the said Circuit Court, until after the first calling and default had been entered, and auditors appointed, when the proceedings were arrested by this *certiorari*.

The view we have taken of the case makes it unnecessary to consider whether a *certiorari* can be brought in this stage of the proceedings. The reason assigned for setting aside the proceedings is, that it appears by the sheriff's return and inventory, that no property of the defendant was attached, and that consequently the Circuit Court had no jurisdiction to proceed in the cause.

It is insisted that the inventory shows that the property attached was the property of the defendant's wife, and not the property of the defendant himself.

The property attached is described in the return and inventory, as follows: "A just and true inventory and appraisement of all the property and estate of Cortlandt Yardley, to wit, nine hundred dollars, being the proceeds of a house and lot sold, which Cortlandt Yardley held in trust for Hannah Yardley, his wife, now in the hands of William C. Howell."

Now this appears to me to be an averment that the nine hundred dollars belonged to the husband, and not to the wife, and that which is subsequently added only informs us

Yardley v. Yardley.

where the husband got it. The return avers, indeed, that the house and lot had, at one time, belonged to the wife, but it does not show that these proceeds of the sale of the said house and lot had not, by some legal means, become, before the service of the attachment, the property of the husband. The legal import of the language of this return is, that the nine hundred dollars, wherever it came from, was, at the time of the serving the attachment, the property of the husband. If the nine hundred dollars was, in fact, the property of the wife, and not of the husband, when the writ was served, there is no difficulty in the wife protecting herself in the proceedings against the garnishee.

The court, therefore, declines to set aside the proceedings in attachment, and orders them to be remitted to the said Circuit Court, to be proceeded thereon according to law.